[L. A. No. 1057.   Department One.—July 24, 1902.]

## SAN DIEGO, CUYAMACA, AND EASTERN RAILWAY COMPANY, Respondent, v. EUGENE E. SHAFFER, County Auditor, etc., Appellant.

TAXES—SALE—REDEMPTION—PERSONAL PROPERTY TAXES.—Where land was sold for taxes to the state, March 16th, for non-payment of taxes which became delinquent in December of the previous year, the personal property taxes for the ensuing year, which could not have been a lien upon the land when the taxes for which it was sold became delinquent, cannot be included in the amount required to redeem the property from the state.

APPEAL from a judgment of the Superior Court of San Diego County.   George Fuller, Judge.

The facts are stated in the opinion of the court.

Tirey L. Ford, Attorney-General, T. L. Lewis, District Attorney, and S. Haines, Deputy District Attorney, for Appellant.

George J. Leovy, for Respondent.

HARRISON, J.—The plaintiff, being desirous to redeem certain parcels of land that had been sold to the state for non-payment of taxes thereon, applied to the county auditor for an estimate of the amount to be paid for such redemption. One portion of the land sought to be redeemed was sold March 18, 1887, for non-payment of taxes assessed thereon in the year 1886, and the other portion was sold March 16, 1889, for non-payment of the taxes assessed thereon in the year 1888. The auditor included in the estimate which he gave to the plaintiff the taxes upon certain personal property of the plaintiff, together with the penalties and interest thereon. The assessment upon the personal property thus included in the estimate was made in the year 1889. The plaintiff, deeming that these taxes were not properly included in the estimate, applied to the superior court and obtained a judgment directing a writ of mandate to issue commanding the auditor to furnish a correct statement of the amount necessary to redeem the land, and to omit from such statement any reference to,

or estimate of, the tax upon said personal property, or the penalties, interest, and costs thereon. From this judgment the auditor has appealed.

The only question presented upon the appeal is whether the plaintiff is required to pay the taxes upon the personal property, together with the penalties and interest thereon, as a condition of redeeming the land, and this question is to be determined solely upon a consideration of the provisions of the statute providing for such redemption.

Section 3817 of the Political Code provides that in all cases where real estate has been or may hereafter be sold for delinquent taxes to the state, and the state has not disposed of the same, the person whose estate has been or may hereafter be sold, his heirs, executors, administrators, or other successors in interest, shall at any time after the same has been sold to the state, and before the state shall have disposed of the same, "have the right to redeem such real estate by paying to the county treasurer of the county wherein the real estate may be situated the amount of taxes due thereon at the time of said sale, with interest thereon at the rate of seven per cent per annum; and also all taxes that were a lien upon said real estate at the time said taxes became delinquent; and also for each year since the sale for which taxes on said land have not been paid an amount equal to the percentage of taxes for that year upon the value of the real estate as assessed for that year," together with certain percentage upon these amounts as a penalty for the privilege of redemption. At the time the sales of the land were made the taxes thereon became delinquent on the last Monday of December in the year in which the assessment was made. (Pol. Code, sec. 3756.) As the assessment for the personal property was made in the year 1889, the taxes therefor could not have been a lien upon the land at the time the taxes for which the land was sold became delinquent. The plaintiff was therefore not required under section 3817 to pay them in order to redeem the land from the sales. The taxes upon the personal property were not taxes "due upon the land" at the time of either of the sales; nor were they included in any assessment upon the land that had been sold to the state, provided for in section 3815.

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.